IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR JAMES GRIFFIN JR., | ) | |
| Petitioner, | ) | 8:18CV229 |
| v. | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice, construing it as one brought pursuant 28 U.S.C. § 2241.[1]

Petitioner is being prosecuted in the Lancaster County, Nebraska County Court. The action was commenced on April 24, 2018, and the Complaint alleges criminal trespass, a misdemeanor. Petitioner was released on a personal recognizance bond on May 23, 2018. The case is scheduled for a call of the docket at 9:00 AM on June 25, 2018. I have reviewed the entire case file through Nebraska's judicial records system made available to the judges of this court.[2] *See Stutzka v. McCarville,* 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243. Relief cannot be sought under 28 U.S.C. § 2254 because no judgment of conviction and sentence have been rendered and pronounced.

[2] The case style is: *State of Nebraska v. Arthur J. Griffin Jr., 10/15/1960*, CR18-5227 (County Court, Lancaster County, Nebraska).

Despite Petitioner's apparent speedy trial claim and perhaps other claims as well, there is nothing unusual about this *pending* state criminal case. Accordingly, it is clear that this case must be dismissed. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" and a petitioner must "exhaust[] all available state remedies as a prelude to th[e] action."); *Crandle v. Oliver*, No. CV 1:17-00562-WS-N, 2018 WL 1041582, at *3 (S.D. Ala. Jan. 23, 2018) (recommending dismissal and applying *Braden* to a petitioner who, among other things, claimed a violation of his speedy trial rights and the failure to give him a reasonable bond), report and recommendation adopted, No. CV 1:17-00562-WS-N, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018).

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 7th day of June, 2018.

BY THE COURT:
*s/ Richard G. Kopf*
Senior United States District Judge